IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| JOVAN JORDAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:12-6699 |
| | ) | |
| JOEL ZEIGLER, Warden, | ) | |
| FCI Beckley, | ) | |
| | ) | |
| Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On October 18, 2012, Petitioner, an inmate incarcerated at FCI Beckley, Beaver, West Virginia, and acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody.[1] (Document No. 1.) Petitioner alleges that the Federal Bureau of Prisons [BOP] is improperly calculating his term of imprisonment. (Id.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

**PROCEDURE AND FACTS**

Petitioner was arrested by State authorities on August 19, 2005, in Henrico County, Virginia, for Felonious Assault and Use or Display of a Firearm in Commission of a Felony. (Document No. 8-1, p. 2.) On October 18, 2005, Petitioner was sentenced in the General District Court, Henrico County, Virginia, to a 180-day term of imprisonment, with 90 days suspended, for Driving on a

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Suspended/Revoked License. (Id. and Document No. 8-2, p. 5.) While in State custody, Petitioner was indicted on November 2, 2005, upon federal drugs charges in the United States District Court for the Eastern District of Virginia. (Document No. 8-1, p. 3.) On January 3, 2006, Petitioner was borrowed pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum from the State of Virginia. (Document No. 8-2, p. 7.) Petitioner was borrowed pursuant to a Federal Writs of Habeas Corpus Ad Prosequendum and returned to State authorities on numerous occasions while his Federal case was proceeding. (Id., pp. 7 - 8.) On June 2, 2006, the United States District Court for the Eastern District of Virginia imposed a 198-month term of imprisonment in Criminal Action No. 3:05-0486, which was later reduced to a 99-month term of imprisonment. (Id., pp. 10 - 16, 19.) Following sentencing, Petitioner was returned to State custody with the Federal Judgment and Commitment Order filed as a detainer. (Id., p. 7.) On June 28, 2006, the Circuit Court of Henrico County, Virginia, imposed a 20-year term of imprisonment, with 17 years suspended, for Malicious Wounding.[2] (Id., p. 5.) The Circuit Court ordered two years, of the 3-year term of imprisonment, to run concurrent to the federal term. (Id.) On July 27, 2006, the Circuit Court of Henrico County, Virginia, imposed a 12-month suspended term of imprisonment for Disorderly Conduct. (Id.) Petitioner completed his State sentence on May 9, 2008, and was released to Federal authorities. (Document No. 8-1, p. 3 and Document No. 8-2, p. 20.)

On October 18, 2012, Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 1.) Petitioner alleges that the BOP is improperly calculating the term of his imprisonment. (Id.) Specifically, Petitioner

---

[2] Petitioner was sentenced to a total State term of 3 years and 90 days, with jail credit from time spent in custody on July 12, 2005, and from August 19, 2005 through December 19, 2006.

appears to contend that the BOP is improperly denying him Federal credit for the time he served in State custody. (Id.) Petitioner explains that "[i]n December of 2006, Movant was released from state custody (as he was told by the Virginia Department of Corrections), however, instead of Movant being released to be turned over to the FBOP, Movant was instead reclassified by the Virginia Department of Corrections and told that he was now starting to serve his Federal concurrent sentence." (Id., p. 4.) Petitioner complains that when he came into Federal custody in May 2008, he "learned that the extra time he spent in state custody was not being credited toward any sentence." (Id.) Petitioner, therefore, requests Federal credit for the time he served in State custody beginning in December, 2006, until May, 2008. (Id.)

On October 29, 2012, Petitioner filed his Application to Proceed *in Forma Pauperis*. (Document No. 4.) By Order entered on November 27, 2012, the undersigned granted Petitioner's Application to Proceed *in Forma Pauperis* and directed Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.)

On January 10, 2013, Respondent filed his Response to the Order to Show Cause. (Document No. 8.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner's federal sentence commenced on May 9, 2008" (Id., pp. 3 - 7.); (2) A nunc pro tunc designation is not appropriate in the instant case (Id., pp. 6 - 7.); and (3) "Petitioner is not entitled to prior custody credit" (Id., pp. 7 - 9.). In support, Respondent attaches the following Exhibits: (1) The Declaration of Kara Carr, Correctional Programs Specialist (Document No. 8-1.); (2) A copy of Petitioner's Presentence Investigation Report as filed in Case No. 3:05-cr-486 (Document No. 9.); (3) A copy of the Virginia DOC's Sentence Summary (Document No. 8-2, pp. 3 - 5.); (4) A copy

3

of the U.S. Marshals Service Form 129 (Id., pp. 7-8.); (5) A copy of Petitioner's Judgment Order as filed in Case No. 3:05-cr-0486 (Id., pp. 10 - 16.); (6) A copy of SENTRY "Public Information Inmate Data as of 11-30-2012" (Id., pp. 18 - 20.); and (7) A copy of the nunc pro tunc consideration documents concerning Petitioner (Id., pp. 22 - 24.)

Petitioner did not file a Reply or Objection to Respondent's Answer.

## ANALYSIS

**A.     Petitioner's Federal sentence did not commence until May 9, 2008.**

Title 18 U.S.C. § 3585(a) provides that a Federal sentence does not begin to run until the defendant is received into custody for service of the sentence. Generally, the first arresting sovereign acquires primary jurisdiction "for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign." United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980). Primary jurisdiction can be relinquished by operation of law, such as bail release, expiration of sentence, or dismissal of charges. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005). In the instant case, State authorities arrested Petitioner on August 19, 2005. Accordingly, State authorities obtained primary jurisdiction on August 19, 2005. Petitioner was then temporarily transferred into Federal custody numerous times, pursuant to a Writ of *Habeas Corpus ad Prosequendum* for proceedings upon his Federal charges and sentenced on June 2, 2006, to a 198-month term of imprisonment that was later reduced to a 99-month term of imprisonment. He was then transferred back into State custody and sentenced on June 28, 2006, to a 20-year term of imprisonment, with 17 years suspended, for Malicious Wounding. The State Court ordered two years, of the 3-year term of imprisonment, to run concurrent to the federal term. On July 27, 2006, the Circuit Court of Henrico

4

County imposed a 12-month suspended term of imprisonment for Disorderly Conduct. The record indicates that Petitioner's Federal sentence commenced on May 9, 2008, the day he was released to Federal custody. Currently, Petitioner is scheduled to be released from Federal custody, via Good Conduct Time Release, on September 26, 2015. Petitioner argues that the BOP should have awarded him credit for two years of the time he served in State custody in order to effectuate the State judge's determination that his Federal and State sentences should run concurrently. It is well recognized, however, that "a determination as to concurrence of sentence made by one sovereign does not bind the other." Jake v. Hershberger, 173 F.3d 1059, 1065 (7th Cir. 1999); Also see Gibson v. Murray, 2006 WL 2668528 * 4 (W.D.Pa. Sep. 14, 2006)(stating that "[w]hile the federal court had the authority to order petitioner's federal sentence to run concurrently with his state sentence, the court order cannot require Pennsylvania authorities to run his Pennsylvania sentence concurrently with his federal sentences"); Piercy v. Black, 801 F.2d 1075, 1078 (8th Cir. 1986)(stating that "one state cannot control the manner in which another state administers its criminal justice system"); United States v. Miller, 49 F.Supp.2d 489, 494 - 495 (E.D.Va 1999)(stating that "a state court cannot unilaterally impose a concurrent sentence between a federal and state court"). A State, therefore, may not compel the Federal government to run Petitioner's Federal sentence concurrently with his State sentence. Accordingly, Petitioner's Federal sentence did not commenced until May 9, 2008, the day of he was released into Federal custody.

**B.     Petitioner was properly considered for nunc pro tunc designation.**

Upon special circumstances, the Attorney General or the BOP may enter a nunc pro tunc designation allowing a federal sentence to begin to run while an inmate is in state custody. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(finding that a federal sentence may

5

commence while an inmate is in state custody "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal sentence"). Title 18 U.S.C. § 3621(b) provides as follows:

> **(b) Place of imprisonment.** The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --
>
> > **(1)** the resources of the facility contemplated;
> >
> > **(2)** the nature and circumstances of the offense;
> >
> > **(3)** the history and characteristics of the prisoner;
> >
> > **(4)** any statement by the court that imposed the sentence --
> >
> > > **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > >
> > > **(B)** recommending a type of penal or correctional facility as appropriate; and
> >
> > **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Although the BOP must consider an inmate's request for a nunc pro tunc designation, the BOP is not obligated to grant the designation. See Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990).

Based upon a review of the record, the Court finds that the BOP appropriately considered Petitioner for nunc pro tunc designation. The BOP contacted the federal sentencing judge, United States District Judge Henry E. Hudson, concerning his position as to nunc pro tunc designation. In Response, Judge Hudson stated as follows:

> The Court has received your October 2, 2011, letter requesting its position on a retroactive designation for Mr. Jovan Jordan. After conferring with the Assistant United States Attorney Brian Hood, Criminal Supervisor in the Richmond office, it was revealed that Mr. Jordan's state charge was a separate and unrelated offense. This Court therefore opposes a retroactive designation in this case.

(Document No. 8-2, p. 23.) Upon consideration of the criteria set forth in Section 3621(b) and Judge Hudson's letter, the BOP completed a "Factors Under 18 USC 3621(b) Worksheet" denying Petitioner's request for nunc pro tunc designation. (Id., p. 22.) The Worksheet reveals that nunc pro tunc designation was denied based upon "the nature and circumstances of the offense," "the history and characteristics of the prisoner (to include institutional adjustment and prior criminal history)," and "any statement by the court that imposed the sentence."[3] Based on the foregoing, the undersigned finds that the BOP appropriately considered Petitioner's request for nunc pro tunc designation.

**C.     Petitioner is not entitled to prior custody credit.**

Title 18 U.S.C. § 3585(b) provides as follows:

**(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

>   **(1)** as a result of the offense for which the sentence was imposed; or
>
>   **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337, 112

---

[3] The Operations Manager and Section Chief recommended that nunc pro tunc designation be denied based upon Factors 2, 3, and 4. (Document No. 8-2, p. 22.)

S.Ct. at 1355 - 1356; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence").

In the instant case, the Court finds that Petitioner is not entitled to receive prior custody credit. Petitioner is seeking Federal credit for time served in State custody following his "reclassification" by State authorities (December, 2006) through May 8, 2008 (the day before he was released into Federal custody). Petitioner received credit towards his State sentence for the time period of December, 2006 (the date of his alleged "reclassification"), through May 8, 2008 (the day before he was released into Federal custody). The BOP may not grant prior custody credit for time that has been credited against another sentence. See United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(unpublished opinion)(holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence"). Based on the foregoing, the undersigned finds that Petitioner is not entitled to Federal credit for December, 2006, through May 8, 2008.

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: September 27, 2013.

R. Clarke VanDervort
United States Magistrate Judge